The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura K. Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
The following exhibits were stipulated into evidence:
1. Affidavit of Elaine Cauble.
2. Birth Certificate for Jamey Brian Staton.
3. Death Certificate of Jimmy Brown Staton.
4. Death Certificate of Jamey Staton.
 5. Marriage License of Jimmy Brown Staton and Venita Elaine Franklin Gilmore.
 6. The medical records of the Erie County Medical Center for decedent, Jamey B. Staton, consisting of eight pages.
 7. The pathological examination of decedent, consisting of 5 pages.
8. The toxicological examination of Jamey Staton.
 9. A statement from Whitley's Funeral Home in Kannapolis, North Carolina.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On the occasion of the injury by accident which resulted in the death of the decedent, the parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. At such time, an employee-employer relationship existed between the decedent and the defendant-employer.
3. The compensation carrier on the risk was Home Insurance Company.
4. The decedent's average weekly wage was $606.00, yielding a compensation rate of $404.02.
5. Decedent began working for defendant-employer in early October, 1993, as an installer of equipment manufactured by defendant-employer. His employment experience with defendant-employer consisted of one week of training, upon completion of which he was sent to Erie County, New York, as an installer with a crew supervised by Thomas Charles Shanahan.
6. Decedent worked with this crew for the next four weeks. His job duties involved traveling with a crew to wherever he was assigned by the company and installing padded playground equipment which was manufactured by his employer.
7. Both decedent and Mr. Shanahan were given a daily per diem of $30.00 by defendant-employer to be used by employees for any reason, including purchasing meals for that day. Lodging was paid separately by defendant-employer, who paid the innkeeper directly.
8. On November 15, 1993, decedent worked a full shift for defendant-employer in Erie County, New York. Thereafter, he and Mr. Shanahan drove to a restaurant/bar called the Buffalo Brute Club. After eating dinner, decedent and Mr. Shanahan remained at the sports bar watching a ball game.
9. When they left the Buffalo Brute Club, decedent and Mr. Shanahan were riding in a rental car which was in Mr. Shanahan's name but for which the defendant-employer would and did fully reimburse Mr. Shanahan as an expense. When they left the restaurant/bar, Mr. Shanahan was driving the car.
10. An automobile accident occurred at approximately 12:10 A.M. on November 16, 1993 when Mr. Shanahan attempted to turn left at an intersection controlled by a stoplight. Shanahan's vehicle was struck by another vehicle which was traveling in the opposite direction and which was proceeding straight through the intersection. The point of impact with the Shanahan vehicle was at or near the front passenger side door. Decedent was riding in the front passenger seat. The motel at which Mr. Shanahan and decedent were staying was approximately 100 yards down the street on which they were attempting to turn at the time of the accident. As the result of this automobile accident, decedent sustained injuries which resulted in his death on November 16, 1993.
11. At the time of the accident, both the decedent and Mr. Shanahan were legally impaired, having blood alcohol levels equal to or in excess of .10. Mr. Shanahan's blood alcohol level was .10, while decedent's blood alcohol level was .19. Neither man had consumed alcohol prior to arriving at the Buffalo Brute Club. All alcohol consumed by decedent or Mr. Shanahan was consumed at the Buffalo Brute Club.
12. Mr. Shanahan's negligence was a proximate cause of the accident. Mr. Shanahan was cited for vehicular manslaughter, driving while impaired, and failure to yield. In September 1994, he subsequently plead guilty to criminally negligent homicide and to driving while impaired.
13. At the time of decedent's death, there were no persons wholly dependent or partially dependent for support upon the earnings of the decedent. Decedent had never been married, had no children surviving or otherwise.
14. At the time of his death, decedent's next of kin was his mother, Elaine Cauble. His father predeceased him. Ms. Cauble has qualified as the executrix of the decedent's estate.
15. The complete funeral bill for the burial expenses of decedent was $4,816.18 payable to Whitley's Funeral Home in Kannapolis.
16. Although at the time of the accident on November 16, 1993, plaintiff was intoxicated, his intoxication was not a cause in fact of the accident which resulted in his death. The intoxicant was consumed in the presence and in the company of his supervisor and in effect may have been provided by his employer by means of the per diem which employer paid to decedent.
17. Decedent's death on November 16, 1993 resulted from an accident arising out of and in the course of his employment with defendant-employer. Although plaintiff's consumption of alcohol may have been a purely personal function independent of his employment, at the time of the accident he and his supervisor were in route from the restaurant where they had eaten dinner to their motel. Eating meals in a restaurant is a necessary incident of employment recognized by the defendant-employer when it agreed to pay for his meals.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Under the Workers' Compensation Act, in order to be compensable, an accident must arise out of and in the course of the employment. N.C.G.S. § 97-2 (6).
2. Employees whose work requires travel away from the employer's premises are within the course of their employment continuously during such travel, except when there is a distinct departure for a personal errand. Murray v. Associated Insurers,Inc., 114 N.C. App. 506, 442 S.E.2d 370 (1994), cert. denied,338 N.C. 519 (1995); Martin v. Georgia-Pacific Corp., 5 N.C. App. 37,167 S.E.2d 790 (1969).
3. Decedent sustained an injury by accident arising out of and in the course of his employment with defendant-employer on November 16, 1993 and such injury by accident arising out of and in the course of employment resulted in his death on November 16, 1993.
4. At the time of his death, decedent's next of kin was his mother, Elaine Cauble, who is entitled to receive 400 weeks of compensation benefits at the rate of $404.02 per week, commuted to present value, commencing November 16, 1993. N.C.G.S. § 97-38,97-40.
5. For the burial expenses of decedent, Whitley's Funeral Home in Kannapolis, N.C. is entitled to the maximum burial benefits provided under the Workers' Compensation Act. N.C.G.S. § 97-38; 97-40.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay Elaine Cauble 400 weeks of compensation benefits at the rate of $404.02 per week, commencing November 16, 1993. Compensation benefits have accrued for the period from November 16, 1993 through the filing of this Opinion and Award and shall be paid in a lump sum of $31,513.56. The remainder is commuted to present value in the amount of $103,413.36, for a total lump sum award of $134,926.92, subject to the attorney's fee approved below.
2. An attorney's fee in the amount of $33,731.73 is approved for counsel of decedent's mother, Elaine Cauble, and shall be deducted from the lump sum due Ms. Cauble.
3. Defendant-employer shall pay Whitley's Funeral Home in Kannapolis, N.C. $2,000.00 for burial expenses of decedent. In the event that the costs of the funeral have been satisfied, defendant-employer shall reimburse $2,000.00 to the individual who paid the funeral expenses of decedent.
4. Defendant-employer shall pay the medical expenses incurred by decedent's estate as the result of his compensable accident which resulted in his death on November 16, 1993, when bills for the same have been submitted to defendant-employer and approved by the Commission.
5. Defendant-employer shall pay the costs.
FOR THE FULL COMMISSION
 S/ __________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________________ KIM L. CRAMER DEPUTY COMMISSIONER
CMV/cnp/mj 9/15/95